UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------)
JAIME KOSSE,                                              )
                                                          )
                  Plaintiff,                          ) Civ. Action No.  15cv5128
                                                          )
     against                                             ) Jury Trial Requested
                                                          )
SDI TECHNOLOGIES, INC., and ROCKETDOG NYC                 )
                                                          )
                  Defendants.                         )
----------------------------------------------------------------------)

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Jaime Kosse ("Kosse" or "Plaintiff"), by his attorneys, BahnMulter LLP, for his Complaint against Defendants SDI Technologies, Inc. ("SDI") and Rocketdog NYC ("Rocketdog") alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

2. This Court has jurisdiction under 17 U.S.C. §101 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over the Defendants and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) in that the Defendants conduct business in this District and the acts of infringement complained of herein occurred in this District.

### PARTIES

4. Plaintiff Kosse, is an individual residing in Brooklyn, New York.

5. Defendant SDI is a corporation organized under the laws of the State of Delaware with a principal place of business at 1299 Main Street Rahway, New Jersey 07065.

6. Defendant Rocketdog is a sole proprietorship with a principal place of business at 150 W 28th Street, Suite 705 New York, New York 10001.

## FACTUAL BACKGROUND

7. Plaintiff is a Brooklyn resident and an artist. He creates "street art" that can be found throughout New York City. His vibrant, colorful work has become iconic -- an integral part of the visual fabric of New York City. It has been licensed for use by NBC, CBS, Paramount Pictures, Universal Studios, among others, and has appeared in the films The Dictator and A Gifted Man.

8. Perhaps most famous of all is the block-long mural comprised of five of Mr. Kosse's works (Frogs, Elephant, Alphabet Demons, Adam, and Graffitti HEFS) formerly located on 12th Street at Kent Avenue in the Williamsburg area of Brooklyn (hereinafter the "Works").

9. In early 2015, Plaintiff first learned that Defendant SDI was using a video advertisement containing unauthorized copies of at least one of the Works, the pink Elephant mural, to advertise a pink iHome IP4PZ FM 30-Pin iPod/iPhone Speaker Dock Boombox (the "iHome Boombox") on the online retail site Amazon.com. According to data published by Alexa, an Amazon.com related company, Amazon.com is the third most popular website in the United States and the sixth most popular in the world in terms of daily visitors and page views.

10. Upon information and belief, the video advertisement was produced by Defendant Rocketdog acting on behalf of SDI. According to SDI's website, SDI supports its products with advertising campaigns on television, in print, online, outdoors and through PR and social media campaigns.

11. The landing page for Defendants' video advertisement for the iHome Boombox on Amazon.com is Mr. Kosse's pink Elephant mural, perhaps his most iconic Work.

12. SDI used the pink Elephant mural in the video advertisement and on the landing page, without permission, to attract attention and/or interest in and to the iHome Boombox and to promote its sales.

13. Defendants' commercial use of Plaintiff's copyrighted Work was never authorized by Plaintiff. These unauthorized commercial uses of Plaintiff's Work also create the false and misleading impression that Plaintiff endorses the iHome Boombox and/or SDI, which he does not.

14. After learning of the infringements, Plaintiff, through counsel, sent a letter to Defendants demanding that they immediately cease and desist any and all unauthorized use of Plaintiff's artwork and demanding compensation for the infringing use of the Work in the video advertisements for the iHome Boombox. Plaintiff also sent a take-down notice to Amazon.com. The parties exchanged communications and the infringing advertisement was removed from Amazon.com but the Plaintiff was never compensated for the infringing campaign nor was any settlement agreement reached.

## **COUNT I**

## **INFRINGEMENT OF COPYRIGHTS**

15.     Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

16.     Plaintiff is and at all relevant times has been the owner of the exclusive rights under United States Copyright Act of the copyrighted Works identified in paragraph 8 above and in Exhibit A attached hereto, which are the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

17.     Among the exclusive rights granted to Plaintiff under the Copyright Act is the exclusive right to license others to reproduce all or portions of the Works and use those reproductions in commercial advertising.

18.     Defendants, without the permission or consent of Plaintiff, made reproductions of all or significant portions of the pink Elephant mural and used them in video advertisements for the iHome Boombox.  A copy of a picture from a portion of advertisement is attached hereto as Exhibit B.  Defendant's actions constitute infringement of Plaintiff's exclusive rights in the Work under the Copyright Act.

19.     Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, with disregard and indifference to the rights of Plaintiff.

20.     As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

21. Defendants' conduct is causing and unless enjoined by this Court will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money. Plaintiff has no adequate remedy at law and are entitled to injunctive relief pursuant to 17 U.S.C. §§ 502 and 503 prohibiting Defendant from further infringing Plaintiffs' copyrights and ordering Defendant to destroy all copies of advertising materials made in violation of Plaintiff's exclusive copyrights.

## COUNT II

## FALSE ENDORSEMENT

22. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

23. By using Plaintiff's iconic Work in the video designed specifically for advertising SDI's product, Defendants, individually and/or jointly, have created a false endorsement of SDI by implying, falsely, that Plaintiff authorized the use of his Works and endorses SDI or their iHome product, when he does not.

24. Use of the pink Elephant mural was especially egregious in falsely associating the iHome product with Mr. Kosse and attempting to trade off of the popularity of the pink Elephant image with the targeted audience for the iHome Boombox.

25. Defendants' conduct is misleading in a material respect and constitutes false association and unfair competition as defined in the Lanham Act and false advertising under N.Y. Bus. Law 350 and unlawful deceptive business practices under New York State common law.

26. Plaintiff is informed and believes that the foregoing acts have been willful and intentional, with disregard and indifference to the rights of Plaintiff.

27. Defendants' conduct has caused Plaintiff to suffer loss in an amount equal to the full extent of recoverable damages permitted under the Lanham Act, N.Y. Bus. Law 350 and New York State common law, including, without limitation, treble damages, attorneys' fees, costs and interest.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For an injunction providing: "defendants are hereby enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the Mural and any artwork, whether now in existence or later created, that is owned or controlled by Plaintiff (collectively "Plaintiff's Artwork") except pursuant to a lawful license or with the express permission and authority of Plaintiff. Defendant shall also destroy all copies, in any and all media in which they exist, of Plaintiff's Artwork in Defendant's possession, custody or control, including, without limitation, copies in the possession of SDI Technologies, Inc. and Rocketdog NYC.

2. For damages for each infringement of each of Plaintiff's Artwork pursuant to 17 U.S.C. § 504.

3. For Plaintiff's costs in this action.

4. For Plaintiff's reasonable attorneys' fees.

5. For such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         September 2, 2015

                                        BAHNMULTER, LLP

                                        *[signature: Katherine Daniels]*

                                        _____
                                        Katherine J. Daniels, Esq.
                                        555 Fifth Avenue, FL 14
                                        New York, New York 10017
                                        212-447-4700
                                        212-986-5316
                                        kdaniels@bmgllp.com


                                        Stacey Richman
                                        Law Office of Stacey Richman
                                        Of Counsel